# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| FRACTAL ANALYTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRACTTAL TECH, S.L., <br><br> Defendant. | Civil Action No. 1:25-cv-1173 |

## COMPLAINT

Plaintiff Fractal Analytics, Inc., by counsel, alleges as follows for its Complaint against Defendant Fracttal Tech, S.L. (hereinafter "Defendant" or "Fracttal").

## NATURE OF THE SUIT

1. This is an action for federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), federal unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), state trademark infringement and unfair competition against Defendant Fracttal Tech, S.L.

## PARTIES

2. Plaintiff Fractal Analytics, Inc. ("Fractal Analytics") is a corporation organized and existing under the laws of New York with a principal business address of One World Trade Center, Suite 76J, New York, New York 10007.

3. Fractal Analytics was founded in 2000, and is an analytic company providing information and consultancy services to organizations for data-driven decision-making.

4.      Defendant Fracttal is a corporation organized and existing under the laws of Spain with a principal place business address of San José Artesano 12-14 Street, 2nd Floor, PC 28108 Alcobendas, Madrid, Spain

5.      According to its website, Fracttal purports to have a physical location in Newark, Delaware (though its website does not identify a particular address and Plaintiff was unable to locate a physical address in the U.S. through reasonable diligence). Fracttal advertises itself as a "Global network designed to serve you wherever you are," and claims to have numerous U.S.-based clients.

## JURISDICTION AND VENUE

6.      This civil action arises out of Fracttal's violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, along with related claims under Virginia law.

7.      This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

8.      This Court has personal jurisdiction over Fracttal because it has sufficient minimum contacts with Virginia through its interactive website and customer solicitations that it can expect to be haled to court here and the exercise of personal jurisdiction is consistent with due process. Fracttal's actions also satisfy Virginia's long-arm statute, VA. CODE ANN. § 8.01-328.1, in that Fracttal is causing tortious injury by acts in the Commonwealth through use of computer networks in the Commonwealth.

9.      In the alternative, this Court has jurisdiction over Fracttal under Fed. R. Civ. P. 4(k) because Fractal Analytics' claims arise under federal law and "exercising jurisdiction is consistent with the United States Constitution and laws." *See* Fed. R. Civ. P. 4(k)(2)(B).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because Fracttal is subject to personal jurisdiction in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## FRACTAL ANALYTICS' RIGHTS

11. Fractal Analytics was founded in 2000 to provide software and strategic analytic services to companies around the world, offering, *inter alia*, data transformation and delivery services, predictive analytics solutions, valuation management, and various other business-oriented software solutions.

12. Since its founding, Fractal Analytics has used the FRACTAL and FRACTAL ANALYTICS marks around the world, including in the United States, in association with a wide range of software development, data analytics, and related services (collectively the "FRACTAL Marks").

13. Fractal Analytics has been recognized as a leader among software and data analytics service providers and has received numerous awards and recognition for its products and services. This recognition includes achieving AWS Premier Tier Servis Partner status with the Amazon Web Services Partner Network in 2025; being named a leader by independent analyst Forrester Research numerous times (most recently 2023); and winning the "Analytics Platform/Solution Provider of the Year" award by Frost & Sullivan, a leading independent research firm, in 2018.

14. The independent global research and advisory firm Gartner named Fractal Analytics to its Hype Cycle list for Digital Care Delivery Including Telemedicine and Virtual Care in 2017 and 2018 as well as to its Hype Cycle lists for U.S. Healthcare Payors, Supply

Chain Strategy, and Business Process Services in 2018. Gartner also recognized Fractal as a representative vendor for customer analytics service providers in 2021.

15. Gartner also included Fractal Analytics' Cuddle.ai product in its 2017 Magic Quadrant for Business and Intelligence and Analytics Platforms report, identifying Cuddle.ai as one of the emerging and next-generation innovative modern business intelligence and analytics platforms vendors for the "Smart Data Discovery" category.

16. Fractal Analytics has received a wide range of additional awards and recognitions from around the world including, for example, the Best Artificial Intelligence Solution in the credit scoring category at the 2017 Artificial Intelligence Worldwide Software Vendor Selection Event; ranked by Inc. among the Fastest Growing Private Companies in Business Products and Services for five consecutive years; identified on the Great Place to Work® list for 2017; recognized as the "Leader" in Forrester Research's report "The Forrester Wave: Customer Analytics Service Providers, Q3 2017"; and the 2018 Analytics Platform/Solution Provider of the Year award by Frost & Sullivan.

17. Fractal Analytics advertises its services through use of the FRACTAL Marks, *inter alia*, its website at fractal.ai, in various digital mediums including LinkedIn, Facebook, Twitter, Glassdoor, GooglePlus, and Youtube, and through advertisements in print magazines such as the Economist.

18. Fractal Analytics uses the FRACTAL Marks at trade shows, conferences, and symposia throughout the world including *inter alia* at the Retail and Consumer Goods Analytics Summit and the NASSCOM C Summit.

19. Fractal's longstanding use of the FRACTAL Marks and the goodwill engendered by its high quality products and gratuitous publicity, consumers recognize the FRACTAL Marks as denoting Fractal's goods and services.

20. By creating, adopting, and extensively using the FRACTAL Marks with data analytics and related software and services for over twenty-five years, Fractal is entitled to wide trademark protection for the FRACTAL Marks.

21. The FRACTAL Marks are entitled to common law trademark rights in the fields of software, data analysis, business consultancy, business intelligence, and artificial intelligence.

22. In addition to its common law trademark rights, Fractal owns a portfolio of trademark registrations for the FRACTAL-formative, both within the United States and abroad.

23. The FRACTAL word mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 4934960, for "business data analysis through use of computer software" and "providing software-as-a-service (saas) for business data analysis." *See* Exhibit A.

24. The FRACTAL word mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 7450981, for "Consultancy in the field of financial services; financial services, namely, financial data analysis through use of computer software and artificial intelligence." *See* Exhibit B.

25. The FRACTAL design mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 5605981, for "business data analysis through use of computer software" and "providing software-as-a-service (saas) for business data analysis." *See* Exhibit C.

26. The FRACTAL ANALYTICS mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 4934961, for "business data analysis through use of computer software" and "providing software-as-a-service (saas) for business data analysis." *See* Exhibit D.

27. The FRACTAL.AI mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 7746741, for "Business data analysis through use of computer software" and "Software-as-a-service (saas) for business data analysis." *See* Exhibit E.

28. The FRACTAL INTELLIGENCE OF IMAGINATION mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 5605982, for "business data analysis through use of computer software" and "providing software-as-a-service (saas) for business data analysis." *See* Exhibit F.

29. Fractal Analytics also has registrations for its FRACTAL Marks throughout the world, including in the United Kingdom, India, China, and Canada.

30. Fractal Analytics' federal registrations for the FRACTAL Marks are *prima facie* evidence of the validity of the marks, of Fractal Analytics' ownership of the marks, and of Fractal Analytics' exclusive right to use the marks in U.S. commerce. 15 U.S.C. § 1115(a).

**DEFENDANT FRACTTAL'S UNLAWFUL ACTIVITIES**

31. On information and belief, Fracttal was created long after Fractal Analytics commenced widespread use of the FRACTAL Marks in the United States.

32. Fracttal appears to claim it is a service provider and software distributor, using artificial intelligence to provide technology solutions for asset maintenance management.

33. The Fracttal website, www.fracttal.com, uses the term "FRACTTAL" in the domain name and throughout its website. For example, Fracttal identifies its various locations as: Fracttal Chile, Fracttal Mexico, Fracttal Colombia, Fracttal Brazil, and Fracttal USA.

34. According to its website, Fracttal offers its services throughout North America and identifies over 60 North American companies as users. *See* https://www.fracttal.com/en/find-fracttal-clients-by-region. Those listed include:



35. Additionally, Fracttal refers to "Fractal One Manage" on its website:

> **Smart Maintenance Solution for energy companies**
>
> of your tasks, processes, resources and assets. Work offline with **Fractal** One Manage your tasks and processes from the Platform, being in places with little connectivity. Save your changes, which will be shared, once you're back online.

> **Solução de manutenção inteligente para empresas de energia**
>
> preventiva Esqueça o Excel e tenha o controle digitalizado e automatizado de suas tarefas, processos, recursos e ativos tudo da nuvem. Trabalhe offline com **Fractal** One Gerencie suas tarefas e processos a partir da Plataforma, estando em locais com pouca conectividade. Salve suas alterações, que serão compartilhadas quando você estiver online novamente.

36. On information and belief, FRACTTAL employs, has employed, and will continue to employ at least the following marks containing FRACTAL: FRACTAL and FRACTTAL (collectively "the Infringing Fracttal Marks").

37. There is no issue of priority given that Fracttal appears to have been created, and adopted the Infringing Fracttal Marks, years after Fractal Analytics' adoption and commencement of use of the FRACTAL Marks.

38. Fracttal's unauthorized use of the Infringing Fracttal Marks constitutes infringement of the FRACTAL Marks.

39. Fracttal maintains a website at the domain www.fracttal.com whereby it advertises its goods and services to the public.

40. A screenshot of the main page of www.fracttal.com as it is displayed as of the date of this complaint is reproduced below reflecting Fracttal's extensive infringement ot the FRACTAL Marks:



## COUNT ONE:
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

41. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

42. The U.S. Patent and Trademark Office issued to Plaintiff a registration for the FRACTAL word mark, Registration Nos. 4934960 and 7450981, the FRACTAL, Registration No. 4944078, the FRACTAL ANALYTICS mark, Registration No. 4934961, and the FRACTAL.AI word mark, Registration No. 7746741. Plaintiff is the sole and exclusive owner of the FRACTAL Marks.

43. Notwithstanding Plaintiff's statutory and common law rights in the FRACTAL Marks, with knowledge of the FRACTAL Marks, and with actual and constructive notice of Plaintiff's rights in the FRACTAL Marks, Defendant Fracttal is promoting and selling in interstate commerce data analytics and artificial intelligence services and/or software under

9

marks identical or confusingly similar to the FRACTAL Marks—including at least FRACTTAL—without Plaintiff's authorization or consent.

44. Such copying and use by Fracttal of the FRACTAL Marks is likely to cause confusion, deception, and mistake among the members of the public and the trade as to the source or affiliation of Fracttal and Fractal Analytics.

45. Fracttal's unauthorized and wrongful use of marks identical or confusingly similar to the FRACTAL Marks in connection with the advertising and sale of artificial intelligence services and/or software is likely to confuse and deceive members of the public and trade as to the origin, sponsorship, and affiliation of Fracttal and services sold by Fracttal, and to cause such persons to mistakenly believe that Fracttal is associated with Plaintiff and to mistakenly believe that Fracttal's sales of data analytics and artificial intelligence services and/or software using marks identical or confusingly similar to the FRACTAL Marks are authorized by Plaintiff.

46. Fracttal's unauthorized use of marks identical or confusingly similar to the FRACTAL Marks in connection with the advertising and sale of data analytics and artificial intelligence services and/or software is likely to cause confusion, to cause mistake, and to deceive an appreciable number of reasonably prudent customers as to sponsorship, endorsement, association, or connection between Fracttal and Plaintiff. Services sold or advertised by Fracttal through use of marks identical or confusingly similar to the FRACTAL Marks would reasonably be thought by consumers to be authorized by Plaintiff when, in fact, they are not.

47. Unless said acts are enjoined by the Court, said acts will continue and Plaintiff will continue to suffer great and irreparable injury.

48. The above acts by Fracttal constitute trademark infringement of the registered FRACTAL Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49.     The foregoing actions of Fracttal have been knowing, deliberate, willful and in utter disregard of Plaintiff's rights.

## COUNT TWO:
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

50.     Plaintiff realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

51.     Fracttal's actions create, cause, and/or contribute to a false association between Fracttal and goods and/or services provided by Plaintiff. Fracttal thereby causes and contributes to consumer confusion as to the origin of, or affiliation between, Fracttal and Plaintiff and its goods and/or services, and have traded unfairly upon Plaintiff's goodwill and reputation, and continue to do so.

52.     Unless said acts are enjoined by the Court, said acts will continue and Plaintiff will continue to suffer great and irreparable injury.

53.     The above acts by Fracttal constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     The foregoing actions of Fracttal have been knowing, deliberate, willful, and in utter disregard of Plaintiff's rights.

## COUNT THREE:
## FEDERAL FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

55.     Plaintiff realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

56.     The copying and/or using by Fracttal of the FRACTAL Marks is a false designation of origin that wrongly and falsely designates that goods and/or services marketed

and sold by Fracttal now, or in the future, originate from, are connected with, authorized by, or otherwise are associated with Plaintiff.

57. Unless said acts are enjoined by the Court, said acts will continue and Plaintiff will continue to suffer great and irreparable injury.

58. The above acts by Fracttal constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59. The foregoing actions of Fracttal have been knowing, deliberate, willful, and in utter disregard of Plaintiff's rights.

## COUNT FOUR:
## STATE TRADEMARK INFRINGEMENT
### (VA Code. § 59.1-92.12)

60. Plaintiff realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

61. Fracttal has infringed and continues to infringe Plaintiff's mark, in violation of the Virginia Trademark and Service Mark Act, VA Code. § 59.1-92.12, by:

   i  employing the unregistered FRACTTAL Marks, which reproduce, counterfeit, copy, and/or colorably imitate Plaintiff's registered FRACTAL Marks;

   ii  using its unregistered FRACTTAL Marks throughout Virginia in connection with the sale, offering, distribution, and advertising of competing data analytics and artificial intelligence services and/or software; and

   iii  using the FRACTTAL Marks in a manner that is likely to cause confusion, mistake, and/or deception of consumers as to the source of origin of the goods and/or services offered or provided by Fracttal.

62. Fracttal continues to use marks confusingly similar to Plaintiff's registered FRACTAL Marks after having received notice that such use infringes Plaintiff's marks.

63. Unless said acts are enjoined by the Court, said acts will continue and Plaintiff will continue to suffer great and irreparable injury.

64. The foregoing actions of Fracttal have been knowing, deliberate, willful, and in utter disregard of Plaintiff's rights.

**COUNT FIVE:
STATE UNFAIR COMPETITION
(VA Code § 59.1-200)**

65. Plaintiff realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

66. Fracttal is misrepresenting to consumers that the goods and/or services of Fracttal are the goods and/or services of Plaintiff in violation of VA Code § 59.1-200(A)(1).

67. Fracttal is misrepresenting to consumers that Fracttal goods and/or services are sponsored by, approved by, or certified by Plaintiff or that Plaintiff is a source of such goods and/or services in violation of VA Code § 59.1-200(A)(2).

68. Fracttal is misrepresenting to consumers that Fracttal's goods and/or services are affiliated, connected, or associated with Plaintiff in violation of VA Code § 59.1-200(A)(3).

69. Fracttal is misrepresenting to consumers that Fracttal's goods and/or services have the characteristics and benefits of the goods and/or services of Plaintiff in violation of VA Code § 59.1-200(A)(5).

70. Fracttal is misrepresenting to consumers that Fracttal's goods and/or services are similar to those of Plaintiff in terms of standards, quality, grade, style, or model in violation of VA Code § 59.1-200(A)(6).

71. Unless said acts are enjoined by the Court, said acts will continue and Plaintiff will continue to suffer great and irreparable injury.

72. Fracttal is violating VA Code § 59.1-200(A)(14).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Fractal Analytics respectfully requests of this Court:

1. That judgment be entered in favor of Fractal Analytics on its claims of trademark infringement, unfair competition, and false designation of origin.

2. That the Court enter a permanent injunction barring Fracttal and its officers, agents, servants, employees, attorneys, and all persons or entities in active concert or participating with any of them from:

    i   committing or contributing to any further acts of trademark infringement, unfair competition, and false designation of origin;

    ii  using any term which is likely to be confused with Plaintiff's FRACTAL Marks;

    iii committing any other acts calculated to cause consumers and the general public to believe that Fracttal's goods and/or services are Plaintiff's and from competing unfairly with Plaintiff in any manner; and

    iv  using any term which is likely to be confused with Plaintiff's FRACTAL Marks in any way in the conduct of its business, advertising, and in promoting its business.

3. That judgment be entered in favor of Fractal Analytics and against Fracttal for all damages sustained by Plaintiff due to Fracttal's trademark infringement, unfair competition, and false designation of origin;

4. That an accounting be ordered in favor of Fractal Analytics and against Fracttal for all profits received due to Fracttal's trademark infringement, unfair competition, and false designation of origin in violation of the Lanham Act and Virginia state law;

5. That the Court order an award of costs and reasonable attorney's fees incurred by Fractal Analytics in connection with this action pursuant to 15 U.S.C. § 1117(a) and Virginia state law;

6. That the award to Fractal Analytics for Fracttal's trademark infringement, unfair

competition, and false designation of origin in violation of the Lanham Act be trebled and/or increased in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

7. That actual, compensatory, and punitive or exemplary damages, where available, be entered against Fracttal for its wrongful actions;

8. That Fractal Analytics be awarded pre-judgment interest and post-judgment interest on the above damages awards; and

9. That the Court order an award to Plaintiff of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

10. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

Dated: July 15, 2025      By:      /s/ Attison L. Barnes, III
Attison L. Barnes, III (VA Bar No. 30458)
A. Neal Seth (*for pro hac admission*)
David E. Weslow (*for pro hac admission*)
Adrienne J. Kosak (VA Bar No. 78631)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wiley.law
nseth@wiley.law
dweslow@wiley.law
akosak@wiley.law

*Counsel for Plaintiff*
*Fractal Analytics, Inc.*